NUMBERS 13-06-303-CV and 13-06-343-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 



CARPAINT, INC., ROBERT LAGUARTA Appellant,

AND LYNDA LAGUARTA, 


v.
 


PELICAN PARTNERS, L.P., Appellee.

 


On appeal from the 267th District Court 

of Calhoun County, Texas.


 



MEMORANDUM OPINION



Before Chief Justice Valdez, Justices Benavides and Vela


Memorandum Opinion by Justice Vela



 This is a consolidated appeal from two orders granting motions for summary
judgment in favor of appellee Pelican Partners, L.P. ("Pelican Partners") and against
appellants Robert Laguarta, Lynda Laguarta (" Laguartas"), and Carpaint, Inc. Cause
No. 13-06-343-CV, is an appeal from a summary judgment granted on June 19, 2003,
in favor of Pelican Partners and against Robert Laguarta and Lynda Laguarta holding
that the Laguartas have no standing to bring suit and ordering that they take nothing
on their cause of action under the property code. Cause number 13-06-303-CV, is an
appeal from a June 1, 2006, Judgment Nunc Pro Tunc granting Pelican Partners'
motion for partial summary judgment on all claims brought by or on behalf of appellant
Carpaint, Inc.

 We find that the summary judgments granted in favor of Pelican Partners, when
considered together, do not constitute a final judgment because there is at least one
unadjudicated counterclaim urged by Pelican Partners against Robert Laguarta.

Procedural Background

 The Laguartas sued for damages to property they claimed to own that flooded
as a result of a dam constructed by appellee. Appellee, Pelican urged that the
Laguartas did not own the property. Rather, Pelican urged that the property was
owned by Carpaint, Inc. On June 19, 2003, the trial court granted summary judgment
in favor of Pelican Partners and against the Laguartas. The order stated that the
Laguartas were without standing to assert claims or causes of action for damages to
certain property in question and also determined that they should take nothing by their
cause of action for damages to the property under section 11.086 of the Texas
Property Code, nor by any other cause of action pleaded for damages to the property. 
At the time this judgment was entered, there was a counterclaim pending filed by
Pelican Partners seeking damages against Robert Laguarta individually for "intentional
acts and trespass." 

 On February 23, 2006, Pelican Partners filed a motion to sever, requesting that
the claims of Carpaint, Inc. be severed from the claims of Robert and Lynda Laguarta. 
The purpose of the severance, according to Pelican Partners, was to obtain a final
judgment as to the claims against it brought against the Laguartas.

 On March 4, 2006, the trial court granted an order severing the claims of Robert
and Lynda Laguarta against Pelican. At the time of the severance, the trial court
issued a new cause number, 2001-4-13958-A ("the "A" case"). Pelican Partner's
second amended original answer, including the counterclaim against Robert Laguarta,
was moved to the "A" case. The counterclaim against Robert Laguarta became part
of the "A" case. 

 On May 17, 2006, Carpaint, Inc., Robert and Lynda Laguarta moved to set aside
the summary judgment granted on June 19, 2003, stating that it was interlocutory in
nature and asked that the severance be set aside. On May 25, 2006, the court
granted appellants' motion to set aside the order of severance and decreed that no
final judgment had been entered as of May 25, 2006. (1) On June 1, 2006, the trial
court entered a judgment nunc pro tunc that granted partial summary judgment as to
all claims asserted by or on behalf of Carpaint, Inc. The record shows that appellants
are attempting to appeal from the order granting partial summary judgment nunc pro
tunc on June 1, 2006 as well as the earlier interlocutory summary judgment granted
on June 19, 2003. 

 On May 23, 2007, this court sent a letter to the parties notifying them of a
potential jurisdictional defect. The appellants replied that the counterclaim filed by
Pelican Partners against Robert Laguarta has never been disposed. We agree and
dismiss for lack of jurisdiction.

 Analysis

 A judgment must be final before it can be appealed. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional
trial is final for purposes of appeal if, and only if, it actually disposes of all claims and
parties then before it. Id. at 205. Otherwise, the judgment is interlocutory. Here, the
trial court's order setting aside the order of severance put the case back into the same
position as before the severance was entered, which included an unadjudicated
counterclaim. Neither of the orders mention or dispose of Pelican Partners'
counterclaim against Robert Laguarta. 

 An order that adjudicates only the plaintiff's claims against the defendant does
not adjudicate a counterclaim, cross claim or third party claim. Id. Language that a
plaintiff take nothing by his claims in the case or that plaintiff's case is dismissed
shows finality if there are no other claims by no other parties; but if the record reveals
the existence of parties or claims not mentioned in the order, the order is not final. Id. 
Pelican Partners' counterclaim remains unadjudicated. 

Conclusion

 The summary judgments granted by the trial court in this case are not final and
appealable because they do not dispose of all claims. Pelican Partners, L.P.'s
counterclaim against Robert Laguarta for "intentional acts and trespass" remains
pending. Therefore we dismiss the appeal for lack of jurisdiction. 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.
1. On May 25, 2006, the court granted the Laguartas' motion to set aside the order of severance. 
It appears that the court had the authority to do so because the severed claim was not, in fact, final
since there was a pending counterclaim in that case (The "A" case).